**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| EDDIE MILTON GAREY, JR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:07-CV-322 (HL) |
| | * | |
| MICHAEL G. THOMPSON, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Plaintiff, presently an inmate at the Big Sandy United States Penitentiary in Inez, Kentucky, filed the above styled action against the named Defendants on August 21, 2007. (R-1). On November 2, 2007, while appealing his criminal conviction, Plaintiff filed a Motion to Stay this case "pending the issuance of the mandate in the underlying criminal appeal which forms the basis for some, but not all, of the plaintiff's claims for relief" which the court granted. (R-2, 24). Plaintiff's conviction was ultimately affirmed by the United States Court of Appeals for the Eleventh Circuit on August 20, 2008. (R-31, p. 2). Therefore, the stay in this case has been lifted and this action will proceed.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff seeks monetary remedies in his Amended Complaint (R-26) claiming that his constitutional rights were violated during arrests, prosecutions, and subsequent conviction by state officers acting in their individual and official capacities pursuant to 42 U.S.C. § 1983, and by federal agents pursuant to the ruling in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff Garey seeks

declaratory relief, demands the return of "twenty ounces of bullion gold" as well as other personal items allegedly seized from his home, and seeks monetary damages in excess of thirty-five (35) million dollars. (R-26 at 39).

In Section **IV** of his Amended Complaint, Plaintiff Garey names and identifies as party-defendants ten known persons and two unknown persons (Georgia residents), and the City of Macon, all of whom, or which, allegedly acted in violation of Garey's constitutional rights **"during the time the incidents enumerated herein took place,"** with the offending incidents not yet specified. *Id.* at 3-5. Plaintiff Garey then embarks on his **Section V. Facts,** Division A of which chronicles a Macon, Georgia, motor vehicle theft which he committed "out of necessity to avoid the imminent threat of actual harm at the hands of an armed relative." *Id.* at 6. He describes his interception in the stolen vehicle after a protracted chase in Highlands County, Florida, and physical mistreatment by Highland County Deputies, Highland County Jail Nurse Fairbanks, Mental Health Therapists, and a Florida Circuit Court Judge, all between January 18 and March 19, 1984. *Id.* at 6, 7. However, neither this incident nor any of the Florida state actors are involved in Plaintiff Garey's present action.

At Division B of his **Section V. Facts,** Plaintiff Garey relates an incident beginning on September 1, 2003, when Defendant Harry J. Fox, Jr., and Defendant Tracia M. King, in their investigative capacities as Assistant U.S. Attorneys, together with Defendant FBI Agent Michael G. Thompson, sought telephone pen registers, trap orders, tracking devices and search warrants in regard to a recent series of bomb threats in the City of Macon, Georgia. *Id.* at 8, 9, 10. Garey alleges defects in the information in the search warrant affidavit

furnished to the issuing judge and served by Defendant Mark Cotton of the Macon City Police on September 11, 2003, allegedly without authority. *Id.* at 10. Plaintiff Garey alleges that Defendant Rolince was present on September 11, 2003, when Garey was removed from his residence while the search was being conducted and that Rolince knew that no copy of the search warrant, the application or supporting affidavit was shown to Plaintiff Garey, although he stated that a copy of the search warrant was left at the residence. *Id.* at 11.

Plaintiff Garey alleges that upon removal from his residence on September 11, 2003, he was taken to the Macon Police Department where he was interrogated without an arrest warrant by Defendants FBI Agents Cheney and Ward, ignoring Garey's request to have counsel present. *Id.* at 11. Garey adds that about three hours later, Defendant FBI Agent Thompson charged him with threatenting to use certain weapons of mass destruction under 18 U.S.C.§ 2332(a)(2); making false threats under 18 U.S.C.§ 844(e); and extortion under 18 U.S.C.§ 1951. *Id.* Garey includes, as a Defendant, Bibb County Sheriff's Deputy Boatwright, saying that Boatwright denied him the privilege of telephoning an attorney or public defender. *Id.* at 12. Garey also alleges that a Deputy Flanders failed to provide him with adequate jail clothing and bedding on that date. However, no deputy Flanders is named as a defendant in this action. *Id.*

Garey pleads that he was brought before United States Magistrate Judge Hicks on September 17, 2003, for a detention hearing in regard to charges of violations of 18 U.S.C. § § 844(e), 1951 and 2332(a)(2) based on Defendant Thompson's facts alleged in a criminal complaint. *Id.* at 14. He alleges that he was indicted on September 23, 2003. *Id.*

Garey alleges that, on October 16, 2003, he was involuntarily subjected to a psychological evaluation on the Motion of Defendant AUSA Fox based on his "race and pretrial dilemmas." *Id.* Garey alleges that Defendant Huggins, his court-appointed counsel, allowed Defendant Fox's Motion for mental evaluation to be granted unopposed and also waived Garey's speedy trial rights. *Id.* at 15. Plaintiff Garey complains of being transferred to FDC Miami, Florida, for detention in November 2003, where he was "illegally held by Defendant Warden Richard L. Stiff," against whom Garey filed a habeas corpus petition on December 1, 2003, "seeking to be liberated from the execution of the Evaluation Order." *Id.* at 17, 18. Garey asserts that he enumerated in this habeas corpus petition all of the constitutional rights violations that he had suffered in Macon, Georgia, up until that time, but that Warden Stiff continued to hold him until December 18, 2003, when the mental health evaluation was completed. *Id.* at 18. Garey was then returned to Macon by way of Tallahassee FDC and Atlanta USP, which he complains furnished him inadequate clothing and footwear. *Id.* at 18, 19. Petitioner was retained in custody pending trial or other disposition of the criminal charges pending against him in the United States Court of Middle District of Georgia.

All of the acts and omissions attributed to the named defendants, enumerated above, and constituting the factual basis for Plaintiff Garey's First, Second, Third, and Fourth alleged Causes of Action in this civil complaint for monetary damages, occurred between September 1, 2003, and March 29, 2004, when Plaintiff Garey was arraigned before United States Magistrate Hicks on a superseding felony indictment. *Id.* at 22. The remainder of the

Amended Complaint deals with his criminal trial procedures, conviction and sentence.

The record of Plaintiff Garey's criminal prosecution began on September 11, 2003, with the issuance of a criminal complaint in the case of *United States v. Garey*, 5:03-CR-83, GA Middle District, charging threatening the use of weapons of mass destruction, bomb threats and interference with interstate commerce in violation of 18 U.S.C.§ 2332(a) and § 844(e). (R-1). Counsel was appointed to assist Garey in the defense of this felony prosecution on September 12, 2003. (R-1d). An arrest warrant issued on the same day in the name of Miles Garey, accompanied by a Motion by the United States for a detention hearing. (R-2). Order of Detention pending trial issued on September 18, 2003. (R-6, 7). Indictment was returned on September 24, 2003, charging Eddie Milton Garey, a/k/a Miles Garey, Plaintiff herein, with threatening the use of weapons of mass destruction, bomb threats and interference with interstate commerce in violation of 18 U.S.C.§ 2332(a) and § 844(e). (R-8). Plaintiff Garey was arraigned on October 6, 2003. (R-8c).

On March 18, 2004, a 27 Count Superseding Indictment was returned charging Garey with eleven counts of Interference with Commerce by Threat or Violence in violation of 18 U.S.C.§ 1951; five counts of Use of Certain Weapons of Mass Destruction: Bomb Threats; five counts regarding penalties prescribed by 19 U.S.C.§ 844(e); five counts of Unlawful Possession of Counterfeit Securities Affecting Interstate Commerce in violation of 18 U.S.C.§ 513; and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C.§ 922(g)(1). (R-68). Garey's Motion to Suppress Evidence (R-24) was denied on March 23, 2004. (R-71). Garey filed a second Motion to Suppress on June 14, 2004 (R-91),

and various motions for reconsideration of the denial of his first Motion to Suppress, which were denied after hearing on November 11, 2004 (R-143). Garey's criminal trial, originally scheduled to begin on August 31, 2004, after the grant of his Motion to Change Venue, (R-85), began on December 7, 2004 (R-159), and concluded by jury verdicts of guilty on all counts on December 17, 2004. (R-173, 180). Plaintiff Garey was sentenced on August 10, 2005, to a total term of 360 months imprisonment. (R-211, 214). He appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the same on October 31, 2008. (R-282). Garey made application to the United States Supreme Court for *writ of certiorari* which was denied on January 21, 2009. *See Garey v. United States*, S.Ct. 08 A 363.

## DISCUSSION

Pursuant to 28 U.S. C. § 1915(e)(2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

### Statute of Limitations

The United States Court of Appeals for the Eleventh Circuit has held that "[d]ismissal . . . on statute of limitations grounds is appropriate . . . if it is apparent from the face of the

complaint that the claim is time-barred." *Tello v. Dean Writter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation marks and citation omitted). The above review of the record in this case establishes that all of the claims seeking damages for violations of various constitutional rights in regard to the illegal search of his residence, his arrest, incarceration, and allegedly tortuous treatment, which Garey makes in this action, occurred before October 6, 2003.

The Eleventh Circuit has held that "[f]ederal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The limitations period begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). The statute of limitations for a *Bivens* action is taken from the most analogous limitations statute of the state in which the district court sits. *See Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). Although 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Court of Appeals for the Eleventh Circuit has held that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47 (1985)). This case, brought in Georgia, is governed by Georgia's two-year personal injury limitations period set forth by O.C.G.A. § 9-3-33. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)*; see also McCullough*

*v. Atlantic Refining Co.*, 50 Ga. App. 237, 177 S.E. 601 (1934) (action for false arrest is an action for damages for injuries to the person and must be brought within two years after it arises). Therefore, pursuant to *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091 (2007), Plaintiff's claims under the Fourth Amendment are barred by the statute of limitations. In *Wallace* the Supreme Court of the United States held "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 396. In *Wallace*, the Court found that the false imprisonment ended when the issuance of process or arraignment occurred. *Id*. at 389, 390.

The record, as reviewed heretofore, reveals that the search warrant at issue in this case was executed and Plaintiff was arrested on September 11, 2003. (R-26, p. 10). He was brought before the court on September 13, 2003, and a detention hearing was set for September 17, 2003. *See United States v. Garey*, Case No. 5:03-CR-83, Doc. 4. On September 17, 2003, the court found probable cause for Plaintiff's detention. *Id.* at Docs. 5-7. On September 24, 2003, Plaintiff was indicted by grand jury. *Id*. at Doc. 8. On October 6, 2003, Plaintiff was afforded initial appearance and arraignment, and entered a not guilty plea before United States Magistrate Judge Hicks in Macon, Georgia. *Id.* at Doc. 9, 10. As in *Wallace*, Plaintiff's statute of limitations on his § 1983 claim began to run when he appeared before the examining magistrate and was bound over for trial. *Wallace*, 549 U.S. at 390. Therefore, Plaintiff's two-year statute of limitations as to his claims of constitutional

rights violations began to run on October 6, 2003 (when he was arraigned on criminal charges arising from the execution of the search warrant), and ended on October 7, 2005. Thus, Plaintiff's federal civil action here, filed on August 21, 2007 (R-1), was filed more than twenty-two months after the expiration of the applicable statute of limitations.

The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999). To dismiss Plaintiff's Complaint without extending him the opportunity to amend the same would not be error, because no amendment could overcome the jurisdictional and statute of limitations issues and would be futile. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

***Heck v. Humphrey***

In addition to the bar of Plaintiff Garey's claims by the applicable statute of limitations, as shown above, review of his claims regarding the violations of his Fifth, Sixth, Ninth, Tenth and Fourteenth Amendment rights in the prosecution of criminal charges against him, as alleged in his Second through Sixth Causes of Action (R-26, pp. 31-38), are barred by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. As Plaintiff Garey has not demonstrated that his sentence has been reversed, expunged, or invalidated, and the record proves otherwise, he fails to state a cause of action upon which this court may grant relief as to claims Two through Six.

**WHEREFORE, IT IS HEREBY RECOMMENDED** that Plaintiff's case be dismissed as to all Defendants for his failure to state a claim upon which relief may be granted for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 31st Day of July, 2009.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**