IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDDIE MILTON GAREY, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 5:07-cv-322 (HL) |
| MICHAEL G. THOMPSON, et al., : | |
| : | |
| Defendants. : | |
| : | |
| : | |
| _____ : | |

### ORDER

Before the Court is the Report and Recommendation (Doc. 32) entered on July 31, 2009, of United States Magistrate Judge G. Mallon Faircloth, in which the Magistrate Judge recommends that Plaintiff's case be dismissed as to all Defendants for failure to state a claim upon which relief may be granted.[1] Plaintiff has filed an objection (Doc.33). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which he objects.

After careful consideration, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. However, after reviewing

---

[1] The Magistrate Judge entered an order staying the case (Doc. 24) until the Eleventh Circuit Court of Appeals reached a final decision in his underlying criminal case, United States v. Garey, 5:03-cr-83-CDL. On August 20, 2008, the Eleventh Circuit sitting *en banc* found that Plaintiff waived his right to counsel and remanded the case to the panel for consideration of the district court's sentence. On December 4, 2008, the Eleventh Circuit affirmed Plaintiff's sentence and entered final judgment (Doc. 282). Because the Eleventh Circuit has reached a final decision in his criminal case, the stay in this case has been lifted.

Plaintiff's objections, the Court feels that some discussion of the objections is warranted because some of the objections raise new issues not addressed in the Recommendation.

As to his objection that the Magistrate Judge failed to consider his 42 U.S.C. § 1985 claim, the Court finds that to the extent that it alleges a conspiracy by Defendants occurring prior to March 29, 2004, the claim is barred by Georgia's two year statute of limitations. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir.1996) (stating that the proper limitations period for claims brought under §§ 1983 and 1985 is the personal injury limitations period of the forum state). To the extent that it alleges a conspiracy between Defendants occurring during his criminal prosecution, it is barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).

Plaintiff also objects to the Magistrate Judge's failure to find that the Georgia statute of limitations is tolled for the period of time that Plaintiff was imprisoned outside the state of Georgia. Georgia statute § 9-3-94 permits the tolling of a statute of limitations if a defendant is not within the state. See Ga. Stat. § 9-3-94 (stating that "if a *defendant* removes from this state, the time of his absence from the statute until he returns to reside shall not be counted or estimated in his favor) (emphasis added). This tolling statute is inapplicable because Plaintiff is not a defendant party in this civil case.

Accordingly, Plaintiff's case against Defendants is dismissed.

**SO ORDERED**, this the 22nd day of January, 2010.

                                           *s/ Hugh Lawson*
                                           **HUGH LAWSON, SENIOR JUDGE**

lmc