# UNITED STATES DISTRICT COURT
# MIDDLE DISRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EDDIE MILTON GAREY, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL G. THOMPSON, et al., <br><br> Defendants. | Civil Action No. 5:07-cv-322 (HL) |

# ORDER

Before the Court are Plaintiff Eddie Milton Garey Jr.'s ("Garey") Motions for Reconsideration (Doc. 40), Amended Motion for Reconsideration (Doc. 41), and Motion for Relief from Judgment and Order (Doc. 42). For the following reasons, Garey's Motions are denied.

## I.  PROCEDURAL BACKGROUND[1]

Garey, proceeding *pro se*, filed his complaint in this Court on August 21, 2007 (Doc. 1).  He later filed an amended complaint on June 12, 2008 (Doc. 26).  In his amended complaint, he alleged that his constitutional rights were violated by federal and state officers during his arrest, criminal trial, and confinement.  He sought damages pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000dd, 2000dd-0,

---

[1] The Court does not recount the factual background of Garey's case, rather it incorporates into this Order the factual summary found in the Magistrate Judge's Report and Recommendation (Doc. 32).

and 9501, and Bivens v. Six Unknown named Agents of F.B.N., 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971).

Following the directive of 28 U.S.C. § 1915(e)(2), the Magistrate Judge screened Garey's amended complaint to determine whether it stated a claim upon which relief could be granted. For two reasons, the Magistrate Judge recommended that Garey's amended complaint be dismissed. First, the statute of limitations barred Garey's constitutional claims based on the search of his residence and his arrest, incarceration, and confinement. Second, Garey's remaining claims were barred by the decision Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).

The Court subsequently adopted the Magistrate Judge's Report and Recommendation (Doc. 38). Garey now asks the Court to reconsider its ruling adopting the Magistrate Judge's Report and Recommendation and alternatively, asks for relief from the judgment and order dismissing his case.

II. **ANALYSIS**

    a. **Standard to Grant a Motion to Reconsider or Relief from Judgment**

Local Rule 7.6 warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. A motion for reconsideration is appropriate if the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest

2

injustice." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (citing Wallance v. Georgia Dep't of Trans., 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Id. (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003).

A court may grant a motion for relief from judgment for various reasons, including mistake, inadvertenence, surprise, excusable negligent, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1)-(3). To prevail on the ground of mistake, inadvertence, surprise, or excusable neglect, the party must demonstrate exceptional circumstances. Montero v. Potter, 174 Fed. App'x 489, 490 (11th Cir. Mar. 31, 2006) (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)).

### b. Garey's Arguments

In his Motion to Reconsider, Garey argues that the four-year catch-all statute of limitations, found in 28 U.S.C. § 1658, applies to his 42 U.S.C. §§ 2000dd, 2000dd-0 claims. In his Amended Motion to Reconsider, he argues that the four-year statute of limitations also applies to his 42 U.S.C. §§ 1981 and 1983 claims. Further, he argues that his state law claims should not have been dismissed because diversity jurisdiction was proper or alternatively, the Court had supplemental jurisdiction over the claims.

In his Motion for Relief from Judgment, he repeats the same arguments made in his Motions to Reconsider, but also asserts that the Georgia statute of limitations

3

did not bar his state law claims and his claims for the illegal seizure of his property are valid under 28 U.S.C. §1356 and are governed by the six-year statute of limitations found in 28 U.S.C. § 2401.

Each of his arguments is addressed in turn.

### c. 42 U.S.C. § § 2000dd and 2000dd-0

Garey is correct that neither the Magistrate Judge's Report and Recommendation nor the Court's order adopting the Report and Recommendation expressly addressed Garey's unconstitutional confinement claims brought pursuant to 42 U.S.C. §§ 2000d and 2000dd-0 claims. Addressing them now, the Court finds that 42 U.S.C. §§ 2000d and 2000dd-0 do not create a private cause of action. Therefore, there is no applicable statute of limitations.

The Federal Detainee Treatment Act of 2005 ("DTA") is codified at 42 U.S.C. § § 2000dd and 42 U.S.C. 2000dd-0. Section 2000dd(a) states "[n]o individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject to cruel, inhuman, or degrading treatment or punishment." Section 2000dd-0(1) also prohibits cruel treatment or punishment, but broadens the prohibition by stating that "nationality or physical location" of the detainee do not matter. Neither statutory section creates a private cause of action for violations of the statute. 42 U.S.C. §§ 2000dd and 2000dd-0; see also In re Iraq and Afghanistan Detainees Litig., 479 F. Supp. 2d 85, 107 n. 23 (D.D.C. 2007) (referring to the DTA when stating that "Congress has

4

twice issued legislation addressing detainee treatment without creating a private cause of action for detainees injured by military officials.").

Even though Garey has no cause of action under the DTA, his allegations regarding the conditions of his confinement while in the custody of the United States Marshals are cognizable under Bivens. The applicable statute of limitations for a Bivens action is the most analogous limitations statute of the state in which the district court sits. Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). In this case, Georgia's two-year statute of limitations for personal injury actions is the most analogous limitations statute.

The last date in which Garey claims in his amended complaint to have suffered from extreme conditions of confinement while in the custody of the United States Marshals is April 11, 2005.[2] The statute of limitations expired on April 11, 2007. Garey filed his complaint on August 21, 2007. His claims for unconstitutional confinement fell outside the two-year window and therefore are time barred. His Motions for Reconsideration and for Relief from Judgment, to the extent they are based on the statute of limitations for his unconstitutional confinement claims, are denied.

---

[2] In his Motions to Reconsider Garey states that beginning on April 11, 2005, he was subject to extreme conditions of confinement while in the custody of the United States Marshals and that the extreme conditions terminated on August 25, 2005. (Pl. Mt. to Reconsider at 1, Doc. 40). A review of Garey's complaint and amended complaint reveals that he does not allege when his extreme conditions of confinement ended. April 11, 2005 is the last date in the complaint and amended complaint that Garey alleges he suffered from an extreme condition of confinement. (Compl. ¶ 60).

5

### d. 42 U.S.C. § § 1983 and 1981

Garey's § 1983 claim is not subject to the four-year catch-all statute of limitations found in 28 U.S.C. § 1658. The four-year statute of limitations only applies to claims that became available after Congress enacted § 1658 in 1990. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382, 124 S. Ct. 1836, 158 L.Ed.2d 645 (2004). Claims that were available before Congress enacted § 1658 are still subject to the borrowed statute of limitations approach.

Garey's § 1983 claims were available before Congress enacted § 1658. "The lone post-1990 amendment to . . § 1983 . . . is a 1996 amendment to § 1983 adding language regarding the immunity of judicial officers from injunctive relief." Lewis v. Bayh, 577 F. Supp. 2d 47, 52 (D.D.C. 2008) (citing Pub. L. No. 104-317 309(c)). Because Garey's § 1983 claims do not arise under the post-1990 amendment to § 1983, the four-year statute does not apply; instead, Garey's § 1983 claims are governed by Georgia's two-year statute of limitations. Since Garey's § 1983 claims were filed beyond the two-year statute of limitations, they are time-barred.

Further, Garey has not stated a § 1981 claim. Section 1981 provides rights for "protection against the refusal to enter into a contract with someone on the basis of race and protection against racial discrimination that infects the legal process in ways that prevent one from enforcing contractual rights." Mitchell v. Crescent River Port Pilots Ass'n, 265 Fed. App'x 363, 363 (11th Cir. Feb. 14 2008) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 109 S. Ct. 2363, 105 L.Ed.2d 132

(1989)). Congress later amended § 1981 to cover "benefits, privileges, terms, and conditions of the contractual relationship." Id. (citing 42 U.S.C. § 1981(b)).

Garey has not stated a § 1981 cause of action because he has made no allegations of discrimination related to a contractual relationship. As a result, the Court need not determine whether the four-year statute of limitations applies to his § 1981 claims.

### e. State law claims

Garey conclusory asserts that the Court has diversity jurisdiction over his state law claims. Diversity jurisdiction exists when the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Garey has not alleged either of these requirements and after reviewing the complaints, the Court cannot find any facts demonstrating that diversity jurisdiction is satisfied.

Garey alternatively argues that the Court may exercise supplemental jurisdiction over his state law claims. Supplemental jurisdiction over state law claims is possible only when the court has original jurisdiction over related federal or diversity claims. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all the federal claims. 28 U.S.C. § 1367(c)(3). Since Garey's federal claims have been dismissed, the Court declines to exercise jurisdiction over plaintiff's supplemental state law claims and dismisses them.

### f. Seizure of Property

Garey's amended complaint asks for an order directing the United States and the defendants to return the items seized from his residence including "20 ounces of bullion gold." (Amended Compl. at 39, Doc. 26). He believes that his claims for the return of his seized property are cognizable under 28 U.S.C. § 1356 and are not time barred because his claims were filed within the six year statute of limitations set forth in 28 U.S.C. § 2401.

Garey does not have a claim for relief under 28 U.S.C. § 1356. The statute provides that "[t]he district courts shall have original jurisdiction . . . of any seizure under any law of the United States . . . ." It does not contain an express waiver of sovereign immunity. <u>Wright v. Untied States</u>, 902 F. Supp. 486, 488 (S.D.N.Y. 1995) (citing cases). Since § 1356 does not expressly waive sovereign immunity, district courts lack jurisdiction over § 1356 claims. <u>Id.</u>

## III. CONCLUSION

For the explained reasons, Garey's motions are denied.

**SO ORDERED**, this the 1st day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

8